IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

MARCH 1998 SESSION

FILED

June 4, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | No. 02-C-01-9709-CC-00366 |
| APPELLEE, | ) | |
| | ) | Benton County |
| v. | ) | |
| | ) | Honorable Julian P. Guinn, Judge |
| ERIC M. FLORENCE, | ) | |
| | ) | (Sentencing) |
| APPELLANT. | ) | |

FOR THE APPELLANT:

Terry J. Leonard
Attorney at Law
9 North Court Square
P. O. Box 957
Camden, TN  38320

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
425 Fifth Avenue, North
Nashville, TN  37243-0497

Douglas D. Himes
Assistant Attorney General
425 Fifth Avenue, North
Nashville, TN  37243-0493

G. Robert Radford
District Attorney General
111 Church Street
P. O. Box 686
Huntingdon, TN  38344-0686

Jerry W. Wallace
Assistant District Attorney General
P. O. Box 637
Parsons, TN  38363-0637

OPINION FILED: _____

REMANDED

GARY R. WADE, JUDGE

# O P I N I O N

The defendant, Eric M. Florence, entered pleas of guilt in the General Sessions Court of Benton County to possession of marijuana and unlawful possession of alcohol. He was sentenced to eleven months and twenty-nine days in the county jail; all but two days were suspended on each count. The sentences were to be concurrently served. The defendant incurred additional charges and his probation was revoked. He served a portion of his general sessions sentence and then moved the court to suspend the remainder. The general sessions court denied the motion. The defendant appealed to the circuit court. That court affirmed the decision of the general sessions court.

In this appeal of right, the defendant contends that the Circuit Court of Benton County, Tennessee, erred by failing to suspend the balance of the sentence imposed by the general sessions court. For the reasons stated herein, the cause must be remanded to the circuit court for further proceedings consistent with this opinion.

In December 1995, the defendant entered pleas of guilt to simple possession of marijuana and unlawful possession of alcohol. When he reported to jail, he had marijuana in his possession. A revocation warrant issued and, at the first scheduled hearing on the warrant, the defendant, who by then had apparently served his original two-day sentence, failed to appear.

At a rescheduled hearing on May 8, 1996, the general sessions court revoked probation on the initial charges. On June 10, the defendant pleaded guilty in circuit court to introducing a controlled substance into a prison facility. The circuit court sentenced the defendant to serve three (3) years: one (1) year in the jail and

2

two (2) years on supervised probation.

On September 19, 1996, the defendant filed a motion asking the general sessions judge to suspend the balance of the defendant's sentence on the original charges. The motion was withdrawn January 29, 1997. Almost five months later, the defendant filed a second motion asking that the balance of his sentence for the original charges be suspended and that he serve the remainder of the time on supervised probation. Five days later, the general sessions judge overruled the motion. The defendant made bail on July 3, 1997, after appealing to the circuit court.

The circuit court identified the issue on appeal as whether the general sessions judge was correct in revoking the defendant's probation. On August 21, 1997, the circuit court ruled (a) that the defendant had not properly presented the issue to the circuit court and decided (b) that judgments regarding sentences on violation of probation from general sessions court should be free from tampering. At the conclusion of the hearing, the trial court made the following ruling:

> [I]n this particular case the length of sentence from the General Sessions Court is not before this Court. I have on occasions in the past had that issue put up here and have ruled upon it. But that's not the question that the Court has to grapple with now. That sentence was fixed by the General Sessions Judge. It was not appealed and it is firm. It has reached finality. The only question that's before this Court is whether the General Sessions Judge was correct in the revoking of an earlier probated sentence upon a second conviction involving controlled substances. And this Court has to find that that Judge was absolutely and totally appropriate in doing that. If he didn't do that justice would, quite simply, go out the window the very same day that he refused to act or react. The people of Benton County have put him there to do precisely that.
>
> The relief that you're looking for in this case is a suspended sentence. And that issue is not before this Court. You get a suspended sentence from the General Sessions Judge, sir. That's where you're going to have

to find your relief.  Draw an order overruling it in this Court, sir.

(Emphasis added).


# I

The defendant's probation on the initial offenses was revoked on May 8, 1996.  The defendant was ordered to serve his sentence in its entirety beginning "immediately."  There is no indication in the record that the defendant ever appealed that action.  According to Tenn. Code Ann. § 27-5-108 a party may appeal a decision from the general sessions court to the circuit court within ten days.  "If no appeal is taken within the time provided, then execution may issue."  Tenn. Code Ann. § 27-5-108(d).

> Tennessee Code Annotated § 27-3-131 provides as follows:
>
> (a) Notwithstanding Rule 5(c)(2) of the Tennessee Rules of Criminal Procedure to the contrary, the defendant may in any case covered by such rule appeal a verdict of guilty or the sentence imposed or both to the circuit or criminal court for a trial de novo with or without a jury.
> (b) Demand for a jury trial shall be made at the time of filing an appeal under § 27-5-108, to the circuit court or criminal court.  If such demand is not made at the time of filing the appeal, the right to a trial by jury is waived.

Because no appeal was filed with regard to the revocation, the May 8, 1996, revocation of probation was final.  Contrary to the finding by the circuit judge, the propriety of the revocation was not the issue before the circuit court.


# II

In our view, the issue appealed to the circuit court was the propriety of the general sessions judge's June 24, 1997, order denying the defendant's motion for a reduction, alteration, or suspension of the sentence:

4

> The court shall retain full jurisdiction over the defendant during the term of such sentence and may reduce or modify the sentence or may place the defendant on probation supervision where otherwise eligible. Following the first application, applications to reduce or to alter the manner of the service of the sentence may be made at no less than two (2) month intervals.

Tenn. Code Ann. § 40-35-314(c).

Once the general sessions judge denied the defendant's request to suspend the sentence, the defendant had ten days to appeal. Tenn. Code Ann. § 27-5-108. As the state correctly points out, there is no notice of appeal contained in the record. The record does, however, contain an appeal bond dated July 3, 1997, and an order dated July 8, 1997, from the circuit judge setting the matter for trial. In order to perfect an appeal, the defendant need only post a bond in the general sessions court within ten days, "usually the same bond originally set for bail." 9 Raybin, Tennessee Practice § 7.13; Tenn. Code Ann. §§ 27-5-103, -105, -108.

Tennessee Code Annotated § 27-5-108(c) provides that any appeal taken from the general sessions court to the circuit court will be de novo. In this case, the circuit judge heard testimony from the defendant and the defendant's father in support of the defendant's motion for a suspended sentence. The judge mistakenly believed he did not have authority to rule on the issue of suspending the sentence. For that reason, this cause must be remanded to the circuit court for a ruling on the issue of whether to suspend all or any part of the defendant's sentence.

If the circuit judge determines that the motion for suspension of sentence should be denied, as the general sessions judge did, a determination needs to be made as to how much additional time the defendant must serve.

5

Apparently the defendant has not returned to the county jail to complete his sentence on the original charges of unlawful possession of alcohol and possession of marijuana even though the trial judge ordered that he serve the remainder of that sentence "immediately." The record is unclear as to how much time the defendant has served toward satisfying the sentence imposed after the revocation of probation. One pleading suggests the defendant had served four months. A second indicates he has served forty-one days. The defendant testified in the final hearing on August 21, 1997, that he had served fifty-nine days of that sentence. The record is also unclear as to the defendant's status between the May 8, 1996 revocation hearing and the motion made in June 1997 for suspension of sentence. It does appear that the defendant served a year in continuous confinement on the conviction for introducing drugs into jail sometime between June 10, 1996, and June 19, 1997.

In summary, the cause is remanded to the circuit court for a determination of the request for reduction or modification of the original sentence.

_____
GARY R. WADE, JUDGE

CONCUR:


(SEE BELOW)_____
JOE B. JONES, PRESIDING JUDGE



_____
JERRY L. SMITH, JUDGE


The Honorable Joe B. Jones died May 1, 1998, and did not participate in this opinion. We acknowledge his faithful service to the Tennessee Court of Criminal Appeals, both as our colleague and as our Presiding Judge.